AYRES, Judge.
The Pan-American Life Insurance Company invoked a concursus proceeding in order to distribute the proceeds of a life insurance policy issued by it July 27, 1926, on the life of , Ronald Eston Corkern for $2,000, which sum was deposited in the registry of the district court. Cited as conflicting claimants to this fund were the heirs of Mrs. Viola M. Scott, deceased, and Mrs. Ruby Jones Corkern, widow of Ronald Es-ton Corkern, individually and as natural tu-trix of her minor children, Connie Sue Cor-kern and Ronald Eston Corkern, Jr. Mrs. "Mary Kent Corkern, mother of the insured, was the beneficiáry originally designated, subject to the insured’s right to Change the beneficiary. Pursuant to the insured’s request of August 27, 1929, the beneficiary was changed on or about September 16, 1929, to Mrs. Viola M. Scbtt. The policy contained a provision to the effect that if the 'beneficiary is not living at the time of the death of the insured, the proceeds thereof would be payable to the insured’s executors, administrators or assigns. Mrs." Viola M. Scott, beneficiary, died on or about' March 1, 1948, and the insured expired on or about February 20, 1953, without having designated another beneficiary.
The basis of, the claim of the -heirs of Mrs. Scott ,to the aforesaid proceeds is an agreement and contract of August 27, 1929, entered into by and between Mrs. Viola M. Scott and R. G. Corkern and his son, Ronald Eston Corkern, whereby Mrs. Scott agreed to loan funds for the purpose of financing the medical education of Ronald Eston Corkern to the extent and amount of $2,500 during the four years following the date of the agreement on the promissory notes of Ronald Eston Corkern for the amounts loaned, to bear four percent interest from date until paid, and to secure the payment of said loan the said Ronald Eston Corkern pledged- and/or assigned unto Mrs. Viola *525 M. Scott the aforesaid life insurance policy, with the designation of Mrs. Scott as beneficiary. In accordance with the agreement, loans were made during 1929 to 1934, inclusive, aggregating $2,300.
The claim of the surviving widow and minor children is based upon the provisions of the policy providing that in the event the ■beneficiary predeceased the insured, iri the absence of the designation of another beneficiary, the proceeds would be payable to the insured’s executors, administrators or assigns, or, commonly speaking, to his estate, of which they are the sole and only heirs. These claimants denied that the policy was pledged and/or assigned to secure the payment of the aforesaid loans, or' if pledged or assigned the possession of the policy was never delivered to or continued in the pledgee so as to make such pledge effective.
Mrs. Ruby Jones Corkern, individually and as tutrix of her two minor children, filed an exception or plea of prescription “to the demands of Miss Mildred Scott, Mrs. Sylvia Scott Brumfield, Dr. Samuel M. Scott and Mrs. Mary Scott Kitsch (heirs of Mrs. Viola M. Scott) for the proceeds of the policy of insurance involved in these proceedings on the following grounds: 1. That at the time of the death of Dr. Ronald Eston Corkern the policy of insurance issued by Pan-American Life Insurance Company, being policy No. 142,264, in the sum of $2,000 was in his possession and the plaintiffs’ demands are prescribed by the prescription of five years and ten years, which exceptor specially pleads in bar of judgment herein”. This plea of prescription was tried and the plea of five years’ prescription was sustained and judgment was rendered, without trial on the merits, ordering the proceeds delivered to Mrs. Corkern and her minor children. From the judgment thus rendered, the heirs of Mrs. Viola M. Scott appealed to this court.
The plea of ten years’ prescription was not considered by the trial court and there has been no answer to the appeal and, consequently, this plea is not properly before us and may be considered as abandoned., Its applicability here has not been shown and it is in our opinion without merit.
The character of the action of the heirs of Mrs. Viola M. Scott is determined or indicated by their prayer, which is that the pledge and their ownership of the policy be recognized and enforced and that accordingly they be clecreed entitled to the proceeds thereof.
The plea of prescription, as quoted •hereinabove, is- directed at the opposing demands for the proceeds of the policy based on the allegation that the policy at the time of the insured’s death was in his possession. The plea, under LSA-C.C. 3540, does not appear pertinent or apposite. The action is not upon the notes alleged to have been executed by Dr. Corkern to- Mrs. Scott and the plea, as shown by its language, is not .directed to the obligation on the notes. The Codal article provides that “Actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferable by indorsement or delivery, and those on all promissory notes, whether negotiable or otherwise, are prescribed by five years, reckoning from the day when the engagements were payable.” The inapplicability of a plea under this article to the character of the action and demands of the heirs of Mrs. Scott is obvious, since the action is not included in any of the classifications enumerated. It, therefore, follows that the plea of prescription was erroneously sustained and should have been overruled.
Inasmuch as the plea of prescription was the only issue tried and submitted in the lower court, the issue presented to us is likewise limited, and, in view of our ruling, it necessarily follows that we are required to remand the case to the lower court for trial on the merits or for such other proceedings as may be authorized by law not inconsistent herewith. Nothing herein contained shall be construed as having *526 any bearing upon the merits of this controversy.
For the reasons assigned, the plea of five years’ prescription is overruled and the judgment appealed from is annulled, avoided, reversed and set aside, and the suit is remanded to the lower court for trial upon the merits and for such other proceedings as may be proper and legal not inconsistent herewith.
Annulled and remanded.